IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TODD KENNETH WOODY,

    Plaintiff,

v.

WESTERN CORRECTIONAL
INSTITUTION, et al.,

    Defendants.

Civil Action No.: JKB-24-2693

## MEMORANDUM AND ORDER

    Self-represented Plaintiff Todd Kenneth Woody, currently incarcerated at Eastern Correctional Institution ("ECI"), filed the above-captioned Complaint together with the full fee alleging, pursuant to 42 U.S.C. § 1983, that he was exposed to second-hand smoke while living with cellmates who smoked from July 6, 2022 to May 31, 2024 at Western Correctional Institution ("WCI"), exacerbating his asthma symptoms. (ECF No. 1.) Plaintiff names as defendants WCI, the Department of Public Safety and Correctional Services, the Commissioner of Correction, and the Executive Direction of the Inmate Grievance Office. (*Id.*) Plaintiff's Complaint does not state a claim against proper defendants. However, in light of his pro se status, he will be granted an opportunity to amend his Complaint to state claims against proper defendants as directed below.

    Also pending is Plaintiff's Motion for Preliminary Injunction. (ECF No. 3.) Plaintiff reiterates the allegations in his Complaint and asks this Court to order that he be housed in a single cell and under protective custody status. (*Id.* at 2.) A preliminary "injunction is drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 166 (2010); *see also SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 385 (4th Cir. 2017) (satisfying four-prong test is "a high bar, as it should be").

To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Plaintiff has not satisfied any of these factors, including that he is "likely to suffer irreparable harm in the absence of preliminary relief." *Id.* He alleges that he previously had cellmates who smoked, but he does not allege that he is currently being exposed to smoke or explain why he is subject to irreparable harm if he is not moved to a single cell in protective custody. (*See* ECF No. 1.) Indeed, he alleges that he was exposed to smoke at WCI, but it appears that he is now incarcerated at ECI. (*Id.*) Additionally, for the reasons discussed below, Plaintiff has not established that he is likely to succeed on the merits. The Motion will be denied without prejudice.

Conduct amenable to suit under 42 U.S.C. §1983[1] must be conduct taken by a person. Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because defendant WCI is not a "person" subject to suit or liability under § 1983, the Complaint cannot proceed against it. *See Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000).

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another

---

[1] "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . ." 42 U.S.C. §1983 (emphasis supplied).

2

state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.*, citing *Florida Department of Health v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981) (*per curiam*). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). Thus, the Department of Public Safety and Correctional Services is immune from suit. *See Clark v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 316 F. App'x 279, 282 (4th Cir. 2009) ("As the Maryland Department of Public Safety and Correctional Services is undoubtedly an arm of the state for purposes of § 1983, . . . the district court did not err in finding it immune from a suit under § 1983.").

Further, liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). In a § 1983 case, liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional

3

injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See King v. Rubenstein*, 825 F.3d 206, 224 (4th Cir. 2016). Plaintiff does not allege that the Commissioner of Correction or the Executive Director of the Inmate Grievance Office personally participated in any constitutional violation against him nor does he sufficiently allege supervisory liability.

Because complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Plaintiff will be granted 28 days in which to supplement his Complaint to name proper defendants and outline his claims against them.

To comply with the Federal Rules of Civil Procedure, a complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant, *see* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff is reminded that an amended complaint replaces the original complaint filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). Therefore, the amended complaint required by this Order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action which defendants must answer.

Additionally, Plaintiff filed a Motion for Appointment of Counsel together with his Complaint. (ECF No. 2.) Plaintiff states that he does not have sufficient education to represent himself and that his case will require discovery and investigation as well as "obscure applications of the law." (*Id.*) "[I]t is well settled that in civil actions, the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) ("[A] district court must conduct a fact specific, two-part inquiry to assess whether a case presents exceptional circumstances before it decides whether to appoint counsel" including "whether the plaintiff has a colorable claim" and "considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." (internal quotations omitted)). Plaintiff has not shown such exceptional circumstances. Notably, the Complaint has not been served and it is not yet known whether the case will proceed to discovery. Additionally, 28 U.S.C. § 1915 provides for the appointment of counsel for indigent litigants at the Court's discretion, and Plaintiff has not applied for *in forma pauperis* status. Plaintiff's motion for appointment of counsel will be denied without prejudice.

Accordingly, it is, by the United States District Court for the District of Maryland, hereby ORDERED that:

5

1. Plaintiff's Motion for Appointment of Counsel (ECF No. 2) is DENIED without prejudice;

2. Plaintiff's Motion for Preliminary Injunction (ECF No. 3) is DENIED without prejudice;

3. Plaintiff IS GRANTED leave to file an amended complaint as directed above within 28 days of the date of this Order;

4. The Clerk SHALL send to Plaintiff a copy of this Order;

5. Plaintiff is FOREWARNED that if the supplemental complaint is not timely filed, this case will be dismissed for failure to comply with this order without prejudice and without further notice.

Dated this 15 day of Oct., 2024.

FOR THE COURT:

James K. Bredar
United States District Judge