**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TODD KENNETH WOODY,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN RONALD S. WEBER,<br><br>Defendant. | Civil Action No.: JKB-24-2693 |

# MEMORANDUM OPINION

Defendant Warden Ronald S. Weber moves to dismiss plaintiff Todd Kenneth Woody's Amended Complaint or, alternatively, for summary judgment to be granted in his favor. (ECF No. 20.) Woody was informed by the Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the failure to file a response in opposition to the motion could result in dismissal of the Complaint. (ECF No. 23.) Woody responded in opposition to Defendant's motion, and Defendant replied. (ECF Nos. 24, 27.) No hearing is necessary to determine the matters pending. *See* Local Rule 105.6 (D. Md. 2025). For the reasons stated below, the Defendant's motion will be granted in part and denied in part.

## I. Amended Complaint Allegations

The Amended Complaint[1] alleges that Woody endured unconstitutional conditions of confinement due to exposure to second-hand K-2 smoke in his cell and in the recreation hall while he was confined at Western Correctional Institution ("WCI") in violation of his Eighth Amendment rights. (ECF No. 6.) He contends that he suffered from asthma attacks as a result of the K-2 smoke, that Warden Weber is aware of his "direct and daily exposure to [] second hand

[1] Woody was directed to file an Amended Complaint as his original Complaint, (ECF No. 1), failed to state a claim against proper defendants. (ECF No. 5.)

smoke from inmates smoking K-2 both in the housing unit cells and in the rec-hall area," and that "at no time took any type of security measures to stop K-2 from coming into the jail." (*Id.* at 7.) In addition to declaratory relief and monetary damages, Woody asks that the air purification systems be places in all prison housing units and that he be issued a single cell "for life." (*Id.* at 8.)

## II. Standards of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted).

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d

308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

## III. Analysis

Defendant filed a Motion to Dismiss, or Alternatively, for Summary Judgment supported by a Memorandum of Law in which he sets forth several arguments. (ECF Nos. 20, 20-1.) He argues, *inter alia*, that the Eleventh Amendment bars the suit as to Woody's monetary damages claims against Defendant in his official capacity, that Woody's requests for injunctive and declaratory relief are moot, as he has been transferred to Eastern Correctional Institution ("ECI"), and that Woody has failed to state a claim under the Eighth Amendment or under § 1983. (*See generally* ECF No. 20-1.) For the reasons set forth below, the Motion will be granted in part and denied in part.

Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and its departments are immune from citizen suits in federal court absent state consent or congressional

action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity because a suit against the state actor is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). The State of Maryland has not waived such immunity for claims brought pursuant to § 1983. Accordingly, Defendant is entitled to dismissal of the Complaint against him in his official capacity, and his Motion, construed as a motion to dismiss, will be granted to that extent.

Further, as a "general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive relief and declaratory relief." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *see Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that transfer moots § 1983 claim for injunctive relief). "Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007). Woody is no longer at WCI, the institution where the constitutional violations allegedly occurred. He was at ECI at the time he filed the original Complaint (*see* ECF No. 1 at 2), and he was subsequently transferred to Roxbury Correctional Institution ("RCI") (*see* ECF No. 7). Because he is no longer experiencing the conditions alleged to have occurred at WCI in 2024, his requests for injunctive and declaratory relief are moot. Defendant's Motion, construed as a motion to dismiss, will be granted as to Woody's claims for injunctive and declaratory relief.

Defendant's Motion will be otherwise denied, as the Court cannot discern how to construe their motion. The Motion purports to alternatively seek dismissal under Rule 12(b)(6) or summary judgment pursuant to Rule 56(c) and sets forth standards of review for both. (ECF No. 20, 20-1

at 3-4.) In the analysis under each section, however, Defendant fails to apply the law of either standard, instead conflating the two. Consequently, he properly argues neither that the Amended Complaint fails to state a claim nor that, based on the record evidence, he is entitled to summary judgment. For example, in a section under the heading "Plaintiff Has Failed to State an Eighth Amendment Claim for Any Alleged Unconstitutional Condition of Confinement," Defendant argues that the evidence presented by Woody is insufficient, concluding that "Plaintiff has not shown that he was subjected to an objectively serious risk of harm or that Warden Weber knowingly disregarded such a risk. His allegations fail to state a constitutional violation and, at most, reflect disagreement with institutional enforcement efforts, which cannot support liability under the Eighth Amendment." ECF No. 20-1 at 6-9. In the section under the heading "Plaintiff Has Not Alleged Sufficient Personal Participation by Defendant Warden Weber to Establish Liability and Failed to State a Claim for Supervisory Liability Under § 1983," Defendant seems to concede that Woody stated a claim of supervisory liability, stating that Woody's "allegations rest solely on Weber's supervisory position as Warden of WCI." *Id.* at 10-11. But he then concludes that "[s]upervisory liability under § 1983 requires a showing of deliberate indifference or tacit authorization of unconstitutional acts. Plaintiff's conclusory assertions fail to establish either. Because Warden Weber had no personal involvement in the alleged incidents and implemented policies reasonably calculated to prevent them, Plaintiff's supervisory-liability claim fails as a matter of law." *Id.* at 12. In each of these instances, Defendant's Memorandum fails to make clear the legal standard upon which his arguments are based or exactly what ruling he seeks from the Court.

While Woody is entitled to liberal construction of his pleadings as a pro se plaintiff, Weber, who is represented by the Office of the Attorney General of the State of Maryland and was granted

three extensions of time in which to file his motion, is not. The Court will not parse Defendant's Memorandum in search of a cogent argument. The motion will be denied without prejudice as to Woody's unconstitutional conditions claims, and Defendant will be granted a short period of time in which to renew his motion.[2]

**IV. Motion to Seal**

Also pending is Warden Weber's Motion to Seal portions of Exhibit A of the Memorandum of Law in support of his Motion to Dismiss, or in the Alternative, for Summary Judgment. (ECF No. 22.) Exhibit A consists of the Declaration of Michael Yates, Case Management Manager and attached records, including Department of Public Safety and Correctional Services ("DPSCS") policies, the 2023 WCI Inmate Handbook, and a copy of Woody's traffic history. (*See* ECF No. 20-2.) Defendant seeks to seal the DPSCS policies as well as the portions of Yate's Declaration that address the policies. (ECF No. 22.) Defendant contends that the policies "contain detailed procedures regarding institutional searches, contraband interdiction, and entry and exit processes. Public disclosure would compromise institutional safety by revealing confidential operational methods used by DPSCS to maintain order and prevent the introduction of contraband." (*Id.*)

Local Rule 105.11 (D. Md. 2025), which governs the sealing of all documents filed in the record, states in relevant part: "[a]ny motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." The right of access to judicial documents and

[2] Defendant also argues that Woody failed to state a claim for denial of medical care. (ECF No. 20-1 at 9.) Defendant's argument regarding this purported claim likewise conflates and confuses the standards of review, however the Court does not construe Woody's Amended Complaint as pursuing a claim for denial of medical care and will not address it. Defendant additionally invokes a qualified immunity defense which will not be addressed here; Defendant may reassert his qualified immunity defense in his renewed motion, supported by appropriate authority.

proceedings "derives from two independent sources: the common law and the First Amendment," and "the strength of the right of access varies depending on whether the public's right of access to the document or proceeding derives from the common law or the First Amendment." *United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020). The First Amendment right is "narrower in scope but stronger in force." *Id.* "Regardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (quoting *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)).

Defendant has not made the required showing. He seeks to seal over 100 pages of DPSCS directives, much of which is very basic, non-specific information, and some of which is replicated in the Inmate Handbook also attached to Yates' Declaration. Defendant fails to justify the sealing of the totality of these documents or the portions of Yates' Declaration that summarize them in the most basic of terms. Notably, the documents are not substantively referenced in Defendant's Memorandum of Law. The Motion to Seal will be denied. Defendant may move to withdraw the documents or submit a more narrowly tailored request to restrict their access.

## V. Conclusion

For the foregoing reasons, Warden Weber's Motion will be granted in part and denied in part. The Motion, construed as a motion to dismiss, will be granted as to any claims against Weber in his official capacity and as to Woody's claims for injunctive and declaratory relief. Such claims will be dismissed. The Motion is otherwise denied without prejudice to file a renewed motion within 14 days. Defendant's Motion to Seal is denied.

A separate order follows.

Dated this 10 day of Sept, 2026.

FOR THE COURT:

James K. Bredar
United States District Judge